United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, an Oklahoma Stock Company,<br><br>Plaintiff,<br><br>v.<br><br>ANGOTTI & REILLY, INC., a California Corporation; ALEXANDER GROUP, LLC, a limited liability company; BLUE RIVER SEAFOOD INC., a California Corporation, and CHRISTOPHER H. LAM.<br><br>Defendants. | No. CV 10-3687 WHA<br><br>**ORDER DENYING MOTION TO STAY THE ACTION AND VACATING HEARING** |

**INTRODUCTION**

In this insurance-coverage action for declaratory relief, defendants Alexander Group, LLC, Blue River Seafood Inc. and Christpher H. Lam move to stay this action until the underlying litigation is resolved. Defendant Angotti & Reilly, Inc. does not oppose the motion, but plaintiff insurer does. For the reasons set forth below, the motion is **DENIED**.

**STATEMENT**

Angotti & Reilly, Inc. is a general contracting firm. The complaint alleges that on or about November 2002, Angotti & Reilly entered into a construction contract with the moving defendants. Under the contract, Angotti & Reilly agreed to act as the general contractor for the conversion of an existing warehouse to a seafood processing plant, and for the building of a new office building in Hayward, California (Compl. ¶ 10).

The original contract price for this project was $1.81 million. The project was completed in 2004, but a dispute arose between Angotti & Reilly and the moving defendants regarding the timeliness and quality of the work as well as payments (*id.* at ¶ 11–12).

### 1. THE UNDERLYING LAWSUIT.

In December 2007, Angotti & Reilly filed a complaint against the moving defendants in Alameda County Superior Court seeking contract damages of approximately $592,000 (Case No. CIV HG 07362133). They filed a cross-complaint against Angotti & Reilly, asserting damages for its alleged failure to perform work, failure to complete work in a timely manner, and failure to meet quality standards (*id.* at ¶ 13).

The underlying lawsuit was tried in October 2009. The jury returned a verdict in November 2009, awarding Angotti & Reilly $99,000 on a common count claim and awarding the moving defendants $34,000 in delay damages, $43,500 for uncompleted work, and $52,200 for defective work. The net verdict to the moving defendants was $30,700 (*id.* at ¶ 14).

The moving defendants were determined to have prevailed and were awarded the further sum of $528,410.54 in attorney's fees and litigation expenses, along with $33,263.79 in statutory costs. As a result, the total amount of the judgment against Angotti & Reilly and in favor of the moving defendants was $592,374.33. The underlying lawsuit is currently on appeal (*id.* at ¶ 15).

Landmark provided Angotti & Reilly with defense counsel for the claims in the moving defendants' cross-complaint that were potentially covered under the insurance agreement. But there were also claims that were not potentially covered, such as Angotti & Reilly's own affirmative claims and claims for pure economic loss by the moving defendants, such as claims for unfinished work. For this reason, Angotti & Reilly had two separate firms representing it in the underlying action: the defense firm provided by Landmark, and Angotti & Reilly's own counsel for the affirmative claims (Opp. 4). Landmark also provided an appeal bond in connection with Angotti & Reilly's appeal of the judgment in the underlying lawsuit, also subject to a reservation of rights (Compl. ¶ 16).

## 2. THIS COVERAGE ACTION.

This action concerns a dispute between Landmark and all four parties to the underlying litigation regarding their respective rights and obligations under the Landmark insurance policy. Landmark contends that it has no obligation to indemnify Angotti & Reilly for any portion of the judgment in the underlying lawsuit, or to pay the moving defendants any portion of the judgment, due to the absence of "property damage" as defined in the insurance policy. Defendants disagree (*id.* at ¶ 18).

Landmark further contends that the insurance policy does not apply to any portion of the judgment that represents attorney's fees or litigation expenses.  Alternately, Landmark contends that the policy applies only to those portions of the judgment for attorney's fees or litigation expenses that can be allocated to the portions of the underlying lawsuit for which there was a possibility of coverage under the policy (*id.* at ¶ 19).

Angotti & Reilly and the moving defendants contend that the Landmark policy applies to some or all of the claims in the underlying lawsuit, and that Landmark has an obligation to indemnify Angotti & Reilly and/or pay the moving defendants the amount of the entire judgment against Angotti & Reilly in the underlying lawsuit, including the award of attorney's fees and litigation costs (*id.* at ¶ 20).

Having funded the cost of a large part of the defense of Angotti & Reilly all the way through verdict, the insurer now wishes to have its own day in court on the extent to which there even was coverage in the first place and, if it prevails on that issue, to stop its bleeding of further unwarranted expense in the underlying action.

## 3. INSTANT MOTION TO STAY.

Defendants Alexander Group, LLC, Blue River Seafood Inc. and Christopher H. Lam move to stay this action pending resolution of the underlying action. Angotti & Reilly filed a notice of non-opposition. Landmark opposed the motion, but no reply was filed.

## ANALYSIS

The parties improperly apply California law to what is a procedural question — whether or not to stay this declaratory-relief action — before a federal court. Determining whether to stay an action for declaratory relief over which a federal court, as here, has statutory jurisdiction is a discretionary question for the district court:

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In *Dizol*, the court of appeals considered a similar action where an insurer sued its insured, seeking a declaration of no coverage. The court of appeals articulated the relevant factors for a court to consider in making this discretionary determination whether to retain jurisdiction over an action for declaratory relief. As a touchstone, a court should look to the so-called *Brillhart* factors: avoiding duplicative litigation, avoiding needless determination of state-law issues, and discouraging forum shopping. Additionally, a court may consider:

> . . . whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n. 5 (internal citation omitted).

Here, the *Brillhart* factors do not tip the scale toward staying the action.

### 1. Avoiding Duplicative Litigation.

The main question in a motion to stay a declaratory judgment, as far as the *Brillhart* factors are concerned, is to what degree the coverage action invites unnecessary, duplicative

4

litigation. If the coverage action is simply duplicative of the issues litigated in the underlying liability action, then a stay is favored.

In this action, the factual findings necessary for determining coverage simply will not be made in the underlying state-court action. The moving defendants admit that "the jury in the underlying case was not called upon to make any factual findings as to whether the contractor's negligent work specifically caused damage to Alexander's property" (Br. 6). Pursuant to the insurance policy, "property damage" to the moving defendants' property will be covered by either Angotti & Reilly or Landmark. Any determination of what qualifies as "property damage" under the insurance policy is separate from the question of Angotti & Reilly's liability under its agreement with the moving defendants. Significantly, the two actions arise from two different contracts. Resolving both actions simultaneously is not likely to lead to inconsistent factual determinations.

### 2. Avoiding Needless Determination of State Law Issues.

If the coverage action necessitates complex determinations of unsettled issues of state law, then a stay is favored. *Dizol*, 133 F.3d at 1225. The court of appeals has held that this concern relates primarily to unsettled issues of state law, not fact-finding in the specific case. *See Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds*, *Dizol*, 133 F.3d at 1226 (holding that district courts do not need to provide written explanations for retaining jurisdiction). Weighing this factor, the *Robsac* court found that "[t]he precise state law issues at stake in the present case are the subject of parallel proceeding in state court." *Ibid.*

This action certainly presents state-law issues involving insurance coverage. Yet the determinations of state law are completely separate in the coverage action and the underlying liability action. Furthermore, the issues in the coverage action are not particularly complex or novel. Resolving the declaratory judgment matter will not constitute a parallel litigation of disputed state-law issues. Hence, this factor does not disfavor deciding this action now.

5

### 3. **Discouraging Forum Shopping.**

If the coverage action is an attempt at forum shopping, then a stay is favored. *Dizol*, 133 F.3d at 1225. Improper forum shopping occurs only where the declaratory judgment is "defensive" or "reactive." *Dizol* notes, "we know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Ibid.* (quoting *Aetna Cas. And Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992). Forum shopping would only exist if Landmark had commenced a declaratory judgment proceeding in state court first, and then filed this federal action, perhaps concerned about a preliminary ruling by the state judge. Because there is no other declaratory judgment action, there are no forum-shopping concerns.

### 4. **Settling All Aspects of the Case.**

If all aspects of underlying liability action could be settled within the coverage action, then a stay is favored. This declaratory relief action will not settle all aspects of the controversy between the parties in the underlying action. It will not examine aspects of the underlying action that do not strictly relate to the issue of Landmark's insurance coverage of Angotti & Reilly. For the reasons mentioned above, concerns about potential collateral estoppel are not serious enough to stay this action.

### 5. **Clarifying the Legal Relations at Issue.**

If the coverage action works to clarify the legal relationship between the parties, a stay is disfavored. This factor weighs strongly in Landmark's favor. Landmark is currently encumbered with the potential responsibility of indemnifying of Angotti & Reilly's liability for damages, attorney's fees and statutory costs in the state action. If this action were stayed, Landmark would be forced to keep paying to defend Angotti & Reilly, even when it ultimately may have no payment obligation under the operative insurance policy. If it turns out that Angotti & Reilly's liability from the state action is not covered under the Landmark policy, this burden would be lifted. Determining the extent of Landmark's burden to indemnify is an important and pressing question.

### 6. Discouraging Procedural Fencing and Actions Begun to Obtain a Res Judicata Advantage.

If the coverage action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage, then a stay is favored.

Again, this is not a race to the courthouse or a "reactive" declaratory judgment action, as was the case in *Brillhart*. Either party could have commenced a declaratory judgment action. Nor is there concern about possible res judicata issues where the coverage action involves factual determinations that are unlikely to overlap with the facts material to the underlying action. Therefore, consideration of this factor does not favor a stay.

### 7. Avoiding Entanglement between the Federal and State Courts.

If the issues at stake in the parallel proceedings are identical, then a stay is favored. This order does not risk undue entanglement between the state and federal courts. This action focuses on determining coverage under the terms of the insurance contract. The state-court action focuses on liability for breach of contract between Angotti & Reilly and the moving defendants. The issues are sufficiently distinct in the two actions so that judicial overlap would be only minimal.

### 8. Assessing the Convenience of the Parties.

If a stay would prevent a disproportionate hardship for one of the parties, it may be favored. The moving defendants certainly would face inconvenience if forced to litigate both proceedings concurrently. This factor, however, does not break overwhelmingly in their favor.

True, if the stay were denied, all four defendants would be forced into a two-front war. Staying this declaratory relief action pending final resolution of the underlying action would potentially lessen the strain on defendants.

On the other hand, it is also inconvenient for Landmark to face uncertainty over whether it has a burden to indemnify Angotti & Reilly throughout the duration of the state-court action. If Landmark can secure a favorable determination here, it would alleviate that burden.

*          *          *

On the whole, the factors do not favor a stay. For a long time Landmark has advanced expenses of litigation and assisted its insured in the underlying litigation. The insured ultimately

lost. Now it is time to find out if Landmark owes anything on the judgment obtained against the insured. The fact that that case is on appeal has little consequence. This motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay the action is **DENIED**. The hearing set for June 16, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8